## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

FRANKLIN M. BEDFORD,            )
                                )
    Plaintiff,               )
                                )
v.                              )          CV620-009
                                )
DOE MEDICAL CONTRACTOR, et al., )
                                )
    Defendants.              )

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's July 28, 2020, Report and Recommendation, (doc. 14), to which the plaintiff has filed response (doc. 16). The Court **ADOPTS** the Report and Recommendation as its opinion and **DISMISSES** the Motion to Certify Class, doc. 10, and Motion for Injunctive Relief, doc. 14, as **MOOT**.

Rather than addressing the defects identified by the Magistrate Judge, plaintiff has again reasserted that he is proceeding as a class representative, despite being informed that this is not available to him. Doc. 15 at 11 n. 5 (noting that "a *pro* se, incarcerated, plaintiff . . . is generally not entitled to proceed on behalf of a class without representation"). To the extent plaintiff objects to the Report and Recommendation for failing to screen his amended class action complaint and recommending the dismissal of his motion to certify a class, he has done nothing to alleviate this error and the Court sees no reason to overturn the Magistrate Judge's recommendation.

Plaintiff also appears to be challenging the Magistrate Judge's direction to file an amended complaint. This is an order rather than a recommendation. As a result, the Court construes plaintiff's objection under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). Under these provisions, the Court will modify or set aside the Magistrate Judge's Order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Here, the Magistrate Judge clearly explained the deficiencies in plaintiff's initial complaint, including failure to allege personal knowledge and provide sufficient factual detail regarding the alleged similar medical treatment, doc. 15 at 8, and provided plaintiff with an opportunity to rectify those errors prior to recommending dismissal of the claim. Providing such an opportunity was neither clear error nor contrary to law. As a result, the Court overrules plaintiff's objections. If plaintiff desires to continue with his case, he is **DIRECTED** to file an amended complaint in compliance with the Magistrate Judge's order within thirty days from the date of this Order. Failure to do so will result in dismissal.

**ORDER ENTERED** at Augusta, Georgia, this _17th_ day of September, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA