## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

FRANKLIN M. BEDFORD,        )
                            )
       Plaintiff,            )
                            )
v.                       )          CV620-009
                            )
DOE MEDICAL          )
CONTRACTOR, *et al.*,     )
                            )
       Defendants.      )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Franklin Bedford has filed this 42 U.S.C. § 1983 case alleging deprivation of medical care. *See* doc. 15 at 1. The District Judge has dismissed plaintiff Bedford's motion to certify a class in this case. Doc. 17. Despite that denial, a second *pro se* prisoner, Antonio Brown, has moved to intervene in this case as "lead plaintiff." *See* doc. 21. He also seeks to proceed *in forma pauperis*. Doc. 22.

Since there is no class certified in this case, the Court construes Brown's motion, as captioned, as a motion to intervene, pursuant to Federal Rule of Civil Procedure 24. That Rule authorizes either intervention of right or permissive intervention. *See* Fed. R. Civ. P. 24(a)-

(b).  Brown's motion is not sufficient to permit his intervention under either.

First, Brown has not established a right to intervene in this case.  He does not assert any "unconditional right to intervene [given] by a federal statute."  Fed. R. Civ. P. 26(a)(1).  His intervention of right, therefore, depends upon his qualification under Rule 24(a)(2).  The Eleventh Circuit has explained:

> A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) disposition of the action may, as a practical matter, impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the litigation.  [Cit.]  When a party fails to establish one of the prerequisites for intervention as of right, it is unnecessary . . . to analyze any of the remaining prerequisites.

*Gumm v. Jacobs*, 817 F. App'x 847, 850 (11th Cir. 2020) (citations omitted).

The Eleventh Circuit further explained that, "in order to have a sufficient interest in an existing lawsuit, a would-be intervenor must have a 'direct, substantial, legally protectable interest' in the lawsuit." *Gumm*, 817 F. App'x at 850 (quoting *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1509, 1512 (11th Cir. 1996).  As the Court previously explained, a *pro se*

2

prisoner may not pursue a class action. *See* doc. 15 at 11 n. 5; *see also Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) ("It is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." (internal quotation marks, alterations, and citation omitted)). To intervene as of right in this case, therefore, Brown would need to show he has a "direct, substantial, and legally protectable interest" in whether Bedford has received constitutionally inadequate medical care. This he has not, and indeed could not, do. Brown is, therefore, not entitled to intervene as of right.

Rule 24(b) provides that "the court may permit anyone to intervene," who has a "conditional right to intervene [given] by a federal statute," or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "The district court has great discretion [in granting permissive intervention], and even if all the requirements of Rule 24(b) are met, the district court may still deny intervention." *Sterling v. Sellars*, 817 F. App'x 895, 898 (11th Cir. 2020). Given that permitting multiple prisoners to proceed in a single action may frustrate the restrictions Congress imposed on prisoner litigation in the Prison Litigation Reform Act, *cf. Hubbard v. Haley*, 262 F.3d 1194, 1195

(11th Cir. 2001) ("Because the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action in this instance."), the Court should exercise its discretion and deny Brown's request, construed as seeking permissive intervention.

Accordingly, Brown's Motion to Intervene should be **DENIED**. Doc. 21. Since he may not intervene in this case, his request to pursue that intervention *in forma pauperis* should be **DISMISSED** as moot. Doc. 22. Despite the recommendation that Brown should not be permitted to intervene, he may, of course, file a case on his own behalf alleging that he has not been provided constitutionally required medical care. *See* doc. 21 at 2-3 (allegations related to Brown's medical treatment). To facilitate any such filing, the Clerk is **DIRECTED** to enclose copies of Forms Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) and AO 240 (Application to Proceed in District Court Without Prepaying Fees or Costs). Finally, the Clerk is **DIRECTED** to send copies of this Report and Recommendation to both Bedford, at the address he has provided, and Brown, at the address listed in his Motion to Intervene, *see* doc. 21 at 6, 7.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 31st day of August, 2021.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia